

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
==============================X
CHANDRAWATTI PAWAROO

                CLAIMANT

-AGAINST-

**FEDERAL COMPLAINT**

COUNTRYWIDE BANK
JOHN DOE (ORIGINAL LENDER)
JOHN DOE # 1-10

Docket No# _____

                DEFENDANTS.
==============================X

GOLD, M.J.

Plaintiff, PAWAROO appearing Pro-Se herein, being duly sworn, depose and say for its federal complaint respectfully alleges upon information and belief as follows:

I. JURISDICTION: Said Jurisdiction exist against the defendant pursuant to title 28 U.S.C. Section 1332; in that plaintiff is a domiciled in and is a citizen of the State of New York and that the defendant is domiciled in and is a citizen of the State of Texas, and the amount in controversy exceeds $ 75,000.00 dollars exclusive of interest and cost.

II. JURISDICTION: Said jurisdiction also is founded in title 28 USC Section 1391 in that jurisdiction is on the matter of diversity of citizenship.



RECEIVED
JUL 06 2009
PRO SE OFFICE

1. That at all time hereinafter mentioned, plaintiff Carol Blot was and still is a resident of the county of Queens County in the State of New York and has conducted business within the county of Queens and is an individual resident with real property located at 135-15 117th Street, South Ozone Park, N.Y. 11420. **See Exhibit-A (copy of billing statement).**

2. That at all time hereinafter mentioned, defendant, Countrywide Bank, Special Loans Department SV2-83, was and still conduct real estate business within the State of Texas, whose offices are located at : Post Box 10227, Van Nuys, CA 91410-0227.

3. That the plaintiff's property address at issue is located at 135-15 117th Street, South Ozone Park, N.Y. 11420 with a loan number 127414806.

4. That plaintiff had purchased a high cost mortgage loan under fault pretext and predatory lending scheme devised by the defendant and unknown others with the intent to gain unjust enrichment.

5. That plaintiff's mortgage was illegally inflated by both the mortgage broker and the lender from which the interest rate was prematurely increased by 9.5% absent any maturity date.

6. That plaintiff was never informed or notified of the details surrounding the mortgage despite the fact that the HUD-1 documents and closing statements had outlined several participants who did received monies for no reason at all.

7. That the loan issued to the plaintiff was a sub-prime loan with an adjustable rate mortgage clause coupled with a high cost increase in interest which violates all federal banking laws and the fact that plaintiff was under the impression that his mortgage was a fixed mortgage.

8. That upon information and belief, the original lender intends to initiate foreclosure proceedings against plaintiff which will cause financial harm and injury.

9. That upon information and belief, plaintiff claim that the '….mortgage was either a stated mortgage or no-documentation needed…', therefore, the lender should not press plaintiff for any arrears on the loan nor should defendant threaten plaintiff with foreclosure action.

10. That the defendant should have known that '….issuing a no-doc mortgage and or a stated mortgage absent any income-verification warrant that defendant waived its opportunity to commit to a check and balance of the debt verse the income ratio.

11. That the property in question is currently located at 135-15 117th Street, South Ozone Park, N.Y. 11420 with a loan account number # 127414806, **See Exhibit-A (copy of loan information).**

## First Claim

1. The plaintiff CHANDRAWATTI PAWAROO reallege all prior paragraphs of the pleadings as if set out here in full effect and force.

2. The defendant both collectively as well as individual negligently omitted significant documentations and other supportive evidence to prove that it was the true holder and owner of both the note and mortgage at the time it had commenced the aforementioned foreclosure proceedings.

3. As a direct result of defendant collective and individual actions and conspiracy, plaintiff was injured and damaged as alleged above and have suffered mental anguish, economic injury and all other damages allowed and permitted by law.

4. As a result thereof, the defendants herein are liable for all natural, and the proximate and consequential damages due to its negligence.

## Second Claim for Relief

## (Wantonness)

5. That plaintiff realleges all prior paragraphs of the pleading as if set out and forth herein in full effect.

6. The defendant prior to the reckless indifference to the consequences, consciously and intentionally acted to participate in a conspiracy to increase the value of the property by way of the appraisal information and then, institute the action in **foreclosure** with knowledge that it does not have legal ownership to commence such an action, and that the assignment of mortgage was knowingly defective by the operation of law and the failure to adequately provide proper documentation as mentioned above.

7. That these actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase the profits for the lending bank in wicked and demised fashion to cause economical injury and financial lost of equity to the plaintiffs herein.

## Third Claim for Relief

### (Trespass)

8. As a proximate cause and result of said trespass the plaintiff has been deprived of the peaceful enjoyment of his property under the United States Constitution. That such actions and omissions by the defendants herein had further caused financial lost and injury to plaintiff's credit as well as his ability to obtain any soft monies through other legitimate financial institutions or banks at the current rate of the market value and ratio.

## Fourth Claim for Relief

### Abuse of Process

9. The plaintiff realleges all paragraphs as if set forth herein in full force and effect.

10. That the defendant abused the banking procedure by circumventing around the lawfully placed and well established laws to issue a high cost loan absent any proof of the plaintiff or income-verification for the purpose of learning whether the plaintiff was able to make such monthly mortgage payments.

11. As the proximate cause of action and a direct result of the defendant' actions and admissions, and prior abuse of the mortgage process, the plaintiff were caused to suffer injures and damages, also reasonable attorney's fees incurred in defending the abusive threat of foreclosure process and proceedings.

12. That the defendant, collectively as well as individuals participated in the abuse of the appraisal process against the plaintiff and that defendants' knew or should have known that the closing procedure was so defective on its face and within the meaning of the statute that any such adverse process would cause significant injures to the plaintiffs' herein.

## Fifth Claim for relief

## Slander of Title

13. The plaintiff realleges all paragraphs as if set forth herein in full effect and force.

14. The defendant's intent to foreclosure on the plaintiff is constitutionally illegal since it was known during the closing that '…the mortgage was a no-

documentation or stated mortgage....', which means that plaintiff did not have to prove any income history.

15. As a proximate cause of action, both defendants' said slandering of the plaintiff's title, and that the plaintiff's were caused to suffer injuries and damages and claim all damages allowable under law.

16. That because of the slanderous actions of the defendants' this court must issue a hate crime reading to the jury in order for the full effect of their actions be adjudicated by the trial jury for an increase in damages.

## Sixth Claim for Relief
## (Wrongful Foreclosure)

17. The plaintiff reallege all prior paragraphs of the pleading as if set out here in full force and effect.

18. The defendant has and did THREATEN an illegal foreclosure proceeding against the plaintiff in violation of the law.

19. The defendants' have completed illegal eviction proceedings against the plaintiff in violation of both state and federal law.

20. That the initiation of the foreclosure proceeding by the defendant would either be deliberate or negligent or wanton, depending on the proof adduced at trial.

21. As a result thereof, the defendants' are liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

22. That the possible initiation of the eviction proceeding by the defendants' was either negligent or wanton, depending on the proof adduced at trial.

### Seventh Claim for Relief

### (Unjust Enrichment)

23. The Plaintiff adopts and reallege all prior paragraphs as if set out here in full force and effect.

24. The actions of the defendants' and prior in foreclosing on the home of the plaintiff CHANDRAWATTI PAWAROO was violated by the defendants being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

25. As a result of the defendants' actions and prior unjust enrichment, the plaintiff have been injured and damaged in that the plaintiff had lost their home and have lost any equity in their home resulting in financial and emotional damages including mental anguish.

26. The plaintiff claim all damages allowable under law as a result of the defendants' wrongful conduct and unjust enrichment.

## Eight Claim for Relief and Cause of Action

## Civil Conspiracy

27. The Plaintiff adopt and reallege all prior paragraphs as if set out here in full effect and full force.

28. That the defendant and prior engaged in an unlawful combination and conspiracy to foreclose on the home and loans against individuals for the purpose of unjustly enriching themselves in violation of law. This unlawful activity had the effect of unjustly enriching the joint ventures and conspirators.

I DECLARE U

29. As a result of the civil conspiracy, civil wrongs were committed against the plaintiff and other consumers, not yet named herein. The motivation for the civil conspiracy was third party defendants' greed.

30. As a result of the civil conspiracy, the plaintiffs' claim all damages allowed by law.

**WHEREFORE, the Plaintiff Chandrawatti Pawaroo, having set forth his claims for relief against the defendants Countrywide Bank, et, al, respectfully request of the court as follows:**

[a]. That the plaintiff have and recover against the defendants' a sum to be determined by a jury of their peers in the form of actual damages;

[b]. That the plaintiff have and recover against the defendants' a sum to be determined by a jury of their peers in the form of punitive damages;

[c]. That this court enter an order voiding the foreclosure judgment and sale action against plaintiffs' home located at 135-15 117th Street, South Ozone Park, N.Y. 11420, and;

[d]. That the plaintiff demands a stay of all proceedings pending a trial of the cause and have such other and further relief as the Court may deem just and proper and equitable give the facts of the case.

## DEMAND FOR JURY TRIAL

The Plaintiff herein demands a trial by struck jury on all claims so triable before the court of this jurisdiction. Compensatory damages in the sum of $ 350, 000.00 Dollars and punitive damages in the amount of $ 90,000.00 dollars.

**I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT PURSUANT TO 28 USC 1746.**

DATE: 7/6/09

Chandrawatti P.
_____
**Chandrawatti Pawaroo, Pro-Se**
347-258-1474