**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**CHANDRAWATTI PAWAROO,**

                **Plaintiff,**

        **ORDER**
   **- against-**                        **CV-09-2924 (ARR)**

**COUNTRYWIDE BANK, et al.,**

                **Defendants.**
-----------------------------------------------------------X
**GOLD, S., United States Magistrate Judge:**

    Plaintiff, proceeding *pro se*, filed this action on July 6, 2009. The complaint challenges the validity of a mortgage held by defendant Countrywide Bank.

    Defendant Countrywide Bank filed a motion on November 13, 2009, seeking an extension of time until December 9, 2009, to answer or otherwise respond to the complaint. Docket Entry 5. Apparently in response, plaintiff filed a motion seeking to stay foreclosure proceedings and demanding an award of damages in light of defendant's failure to respond in a timely manner to the complaint. Docket Entry 6.

    Defendant Countrywide states that it was served with the summons and complaint in this action on October 7, 2009. Accordingly, absent an extension, defendant would have been required to respond to the complaint on or about October 27, 2009. Fed. R. Civ. P. 12(a). The amount of additional time defendant seeks thus amounts to approximately six weeks.

    Plaintiff does not identify any significant prejudice that will result if defendant's motion is granted. Indeed, although plaintiff seeks a stay of foreclosure proceedings, defendant states that none are pending, and further represents that negotiations about resolving the status of the mortgage loan at issue are continuing. *See* LaRocco Decl. ¶¶ 6, 15. Moreover, the additional

time sought is not extensive, and defendant indicates that it is now prepared to respond to the complaint and defend the case. Thus, denying defendant's motion for additional time, and awarding plaintiff damages as a result of defendant's failure to respond to the complaint in a timely manner, would undermine the policy favoring dispositions on the merits. *See, e.g., Kele v. Pelkey,* 2006 WL 581144 *3 (N.D.N.Y. Mar. 8, 2006).

      For all these reasons, Defendant Countrywide Bank's motion to extend its time to answer or otherwise respond to the complaint is granted, and plaintiff's motion to enter judgment and stay foreclosure proceedings is denied. This denial is without prejudice to plaintiff's bringing a renewed motion if foreclosure proceedings are commenced or if defendant fails to respond to the complaint by December 9, 2009. Finally, because plaintiff is proceeding *pro se*, defendant shall promptly serve plaintiff with a copy of this Order.

                                               **SO ORDERED.**

                                               /s/
                                         **STEVEN M. GOLD**
                                         **U. S. MAGISTRATE JUDGE**

**Brooklyn, New York**
**November 30, 2009**

U:\Pawaroo 113009.wpd