UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CHANDRAWATTI PAWAROO,
Plaintiff,

-against-

COUNTRYWIDE BANK, JOHN DOE (ORIGINAL
LENDER), JOHN DOE #1–10,
Defendants.
------------------------------------------------------------------ X

09-CV-2924 (ARR)(SMG)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiff Chandrawatti Pawaroo ("Pawaroo"), proceeding pro se, asserts various state law causes of action against Defendant Countrywide Bank ("Countrywide"),[1] stemming from their mortgagor-mortgagee relationship. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff cross-moves for summary judgment. For the reasons discussed below, the court grants Defendant's Motion as to all claims.

## BACKGROUND

Pawaroo alleges that Countrywide issued her a high interest, high cost mortgage loan for a property in South Ozone Park, New York. (Compl. at 2 (¶¶ 3–5).) Pawaroo further alleges that she was never "informed or notified of the details surrounding the mortgage" (Compl. at 3 (¶ 6)) and that Countrywide never required her to submit any documentation or income verification

---

1 In April 2009, just before the Complaint was filed, Countrywide Bank "was merged into Bank of American National Association." (Jacqui Whitney Aff. Supp. Def.'s Mot. Dismiss. ¶ 1.) This court will continue to refer to the Defendant as Countrywide.

1

in order to receive the loan (Compl. at 3 (¶¶ 9–10)). Plaintiff claims that this was a "predatory lending scheme" (Compl. at 2 (¶ 4)) designed to inflate the cost of the loan knowing that it could not be repaid (Compl. at 2 (¶ 4), 5 (¶¶ 6–7)).

Pawaroo asserts eight state law claims, predominantly in tort, requesting that the court void "the foreclosure judgment and sale action" against her home. (Compl. at 11 (¶ a).) Importantly, the Complaint oscillates between allegations that Countrywide "intends to initiate" or "threatens" foreclosure (e.g., Compl. at 3 (¶ 8), 7 (¶ 14), 8 (¶ 18)) and that foreclosure or eviction proceedings have already occurred (e.g., Compl. at 4 (¶ 2), 7 (¶ 11), 8 (¶ 19), 9 (¶ 24)). In reality, foreclosure proceedings have not yet been initiated (Jacqui Whitney Aff. Supp. Def.'s Mot. Dismiss ¶ 2), a fact Plaintiff now acknowledges (Pl.'s Aff. Opp. Def.'s Mot. Dismiss 1).

In response, Countrywide moves to dismiss for failure to state a cognizable claim, asserting that Plaintiff's factual allegations provide no legal basis to support any claim for relief. (Def.'s Mem. Supp. Mot. Dismiss 4–9.) Pawaroo responds not with any additional clarifications, but maintains that her action is in response to Countrywide's threats of foreclosure. (Pl.'s Aff. Opp. Def.'s Mot. Dismiss 1.) Accordingly, she seeks compensatory and punitive damages (Compl. at 11–12 (¶¶ a–d)) and now moves for summary judgment (Pl.'s Mot. Summ. J. 1).

## STANDARD OF REVIEW

A.  Rule 12(b)(6) Dismissal Standard

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a complaint must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson,

2

judicial experience and common sense." Iqbal, 129 S. Ct. at 1950

355 U.S. 41, 47 (1957)). Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

In adjudicating a motion to dismiss, the court assumes the truth of all factual allegations in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. See, e.g., Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Global Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 154 (2d Cir. 2006). However, "[w]hile legal conclusions can provide the framework of a complaint," neither "legal conclusions" nor "conclusory statements" are alone sufficient, nor are such statements entitled to a presumption of truth. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009). Thus, in evaluating motions to dismiss pursuant to Rule 12(b)(6), a court must identify a complaint's non-conclusory factual allegations and then determine whether those allegations, taken as true and construed in the plaintiff's favor, "plausibly give rise to an entitlement to relief." Id.

Plausibility, in this context, does not refer to the likelihood of success on the merits of the legal claim, but asks whether a complaint's "[f]actual allegations . . . [are] enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Iqbal, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Twombly, 550 U.S. at 570 (Thus, if a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed."). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

3

B.  Dismissal of Pro Se Complaints

Informing the dismissal analysis is the principle that courts are hesitant to quickly dismiss actions filed by pro se litigants, and that such complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). "When considering motions to dismiss a pro se complaint, . . . 'courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].'" Weixel v. Bd. of Educ. of the City of N.Y., 287 F.3d 138, 145–46 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)) (alterations in original). Even after Twombly and Iqbal, pro se complaints are entitled to liberal construction when they "contain sufficient factual content to allow the district court 'to draw the reasonable inference that the defendant[s] [were] liable for the misconduct alleged.'" Schwanborn v. Cnty. of Nassau, No. 08-4753-pr (2d Cir. Oct. 7, 2009) (quoting Iqbal, 129 S. Ct. at 1949)). Yet when evaluating such a complaint, "the [c]ourt is also aware that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Iwachiw v. N.Y.City Bd. of Educ., 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)) (internal quotation marks omitted); see also Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("[E]ven a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Iqbal, 129 S. Ct. at 1950)).

C.  Considering Documents Beyond the Complaint

Finally, "[b]ecause a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint," Cortec Indus., Inc. v. Sum Holding L.P, 949 F.2d 42, 47 (2d Cir. 1991) (internal citations omitted), a court deciding such a motion "is normally required to look only to the allegations on the face of

the complaint," Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). Nevertheless, documents that are integral to the complaint and that are relied upon by the plaintiff are effectively "incorporated in [the complaint] . . . and may be considered." Id. (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1997)); see also Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2005) ("Where a plaintiff has relied on the terms and effect of a document in drafting the complaint . . . [a court] may consider its contents [on a motion to dismiss] even if it is not formally incorporated by reference." (internal quotation marks omitted)). After evaluating such referenced documents, a court may "reject the truthfulness of those allegations [in the complaint] that are contradicted by the documents." Fowlkes v. Rodriguez, 584 F. Supp. 2d 561, 574 (E.D.N.Y. 2008).

## DISCUSSION

Pawaroo raises an array of tort and contract claims against Countrywide. All are state law causes of action and require this court to apply New York state law in measuring them against the federal pleading requirements. See, e.g., Stagl v. Delta Airlines, Inc., 52 F.3d 463, 467 (2d Cir. 1995) (applying New York law); In re DES Cases, 789 F. Supp. 552, 566 (E.D.N.Y. 1992) (same).

Given that various aspects of Pawaroo's Complaint rely heavily on the existence of foreclosure proceedings, this court is entitled to evaluate the veracity of the foreclosure claim. See Roth, 489 F.3d at 509; Broder, 418 F.3d at 196. Both Defendant's Motion to Dismiss (Whitney Aff. ¶ 4) and Plaintiff's response (Pl.'s Aff. Opp. Def.'s Mot. Dismiss 1) now make clear that, in fact, foreclosure proceedings have not been initiated. The sufficiency of the pleadings must be evaluated in this light.

1.    First Claim: Negligence

In her first claim, Pawaroo alleges that when Countrywide commenced foreclosure proceedings, it negligently omitted certain vital documentation necessary to establish ownership of Plaintiff's property. (Compl. at 4 (¶ 2).)

"In order to establish a prima facie case of negligence under New York law, a claimant must show that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." Farash v. Cont'l Airlines, Inc., 337 F. App'x 7, 9 (2d Cir. 2009) (internal quotation marks omitted) (citing Solomon v. City of N.Y., 489 N.E.2d 1294, 1295 (N.Y. 1985)). Though Pawaroo need not explicitly allege each element of negligence to survive a motion to dismiss, there must be some factual basis for a court to infer a prima facie case. See Iqbal, 129 S. Ct. at 1949 (stating a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (quoting Twombly, 550 U.S. at 557) (alteration in original)); Farash, 337 F. App'x at 9 ("[W]e find that the conclusory allegations in the complaint are insufficient, as a matter of law, to suggest that [Defendant] breached [its] duty."); cf. Schweitzer v. Mindlin, 162 N.E. 524, 524 (N.Y. 1928) (even at the pleading stage, it is not sufficient to simply allege that a defendant was negligent).

While this court may construe the Complaint to allege the existence of a fiduciary duty between the mortgagee and mortgagor, the Complaint fails to allege with sufficient specificity facts upon which a breach of duty and resulting injury can be inferred. Pawaroo has failed to mention what types of documents were negligently omitted. Furthermore, contrary to what this cause of action asserts, foreclosure proceedings have not yet commenced on Plaintiff's property. Accordingly, Plaintiff's allegation that Countrywide was negligent in omitting certain documentation during foreclosure rings hollow.

Moreover, the Complaint does not assert any false statement or misleading action that could allow this court to read this cause of action as for negligent misrepresentation. See, e.g., Heard v. City of N.Y., 623 N.E.2d 541, 545–46 (N.Y. 1993). Accordingly, Plaintiff's first claim for negligence is dismissed.

2. Second Claim: Wantonness

Construing Pawaroo's second claim of "wantonness" liberally, it alleges that prior to issuing Pawaroo's mortgage, Countrywide recklessly or intentionally "conspire[d] to increase the value of the property by way of appraisal information." (Compl. at 5 (¶ 6).) Then, Pawaroo alleges, once she inevitably defaulted on the inflated loan, Countrywide instituted a foreclosure action. (Compl. at 5 (¶ 6).)

At its core, this claim alleges an unlawful conspiracy to induce a breach of contract. See, e.g., Kay v. Sussel, 199 N.Y.S.2d 180, 181 (N.Y. Sup. Ct. 1960) (recognizing cause of action for conspiracy to induce breach of contract); Louis C. Moser & Co. v. Kremer, 80 N.Y.S.2d 199, 201 (App. Term 1st Dep't 1948) (same). Plaintiff alleges that by inflating the price of her home and not verifying that she could afford the mortgage, Defendant recklessly or willfully caused her to default. (Compl. at 5 (¶¶ 6–7).) Though it is not clear from the Complaint, Defendant acknowledges that Pawaroo has defaulted on the mortgage and that her home is eligible for foreclosure. (Whitney Aff. ¶ 4.)

Yet Plaintiff has not made any allegations as to how the appraisals artificially inflated the value of her home. In fact, the Complaint contains no specific allegations as to the past or present value of the property or the mortgage. Without allegations of particular wrongful acts that furthered the conspiracy and caused injury, this cause of action cannot proceed. See Senrow Concessions, Inc. v. Shelton Properties, Inc., 178 N.E.2d 726, 729 (N.Y. 1961); Nemenyi v.

7

Raymond Intern., Inc., 253 N.Y.S.2d 151, 152 (App. Div. 1st Dep't 1964).

The same would be true if this cause of action was interpreted as a claim for wanton negligence or willful misconduct. While the alleged outline of events may provide a rough framework for a claim, the complete lack of specific factual allegations do not raise the claim "above the speculative level." Twombly, 550 U.S. at 555. Though there may be a "sheer possibility" that the Defendant acted unlawfully in contributing to the Plaintiff's default, the existing allegations provide no basis for finding the requisite plausibility. Iqbal, 129 S. Ct. at 1949. Accordingly, Defendant's Motion is granted as to the second claim of wantonness.

3. Third Claim: Trespass

Plaintiff's third claim alleges trespass and a resulting deprivation of "peaceful enjoyment." (Compl. at 6 (¶ 8).) However, a claim for trespass must allege some "affirmative act constituting or resulting in an intentional intrusion upon [plaintiff's] property." See Stage Club Corp. v. West Realty Co., 622 N.Y.S.2d 948, 951 (App. Div. 1st Dep't 1995). It is not sufficient for a plaintiff to simply assert that a trespass has occurred; such a limited pleading is precisely the type of "legal conclusion[ ]" or "conclusory statement[ ]" that is not entitled to a presumption of truth and is insufficient to survive a motion to dismiss. See Iqbal, 129 S. Ct. at 1949–50. Pawaroo has not asserted any kind of intentional physical intrusion onto her land, and accordingly, her trespass claim is dismissed.

4. Fourth Claim: Abuse of Process

Plaintiff's fourth claim is for abuse of process. Pawaroo alleges that Countrywide "abused . . . banking procedure[s]" by issuing a high cost loan "absent any proof of income-verification." (Compl. at 6 (¶ 10).) In addition to citing the misuse of banking procedures, Pawaroo also references the "abuse of the mortgage process" (Compl. at 7 (¶ 11)), the "abuse of

the appraisal process," and the "closing procedure" (Compl. at 7 (¶ 12)) to support this cause of action.

New York defines abuse of process "as the misuse or perversion of regularly issued *legal process* for a purpose not justified by the nature of the process." Board of Ed. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Ass'n, Inc., 343 N.E.2d 278, 280 (N.Y. 1975) (emphasis added). In order for an action for abuse of process to stand, the complainant must demonstrate "an unlawful interference with [her] person or property under color of process." Williams v. Williams, 246 N.E.2d 333, 335 (N.Y. 1969). In this context, "[p]rocess is a direction or demand that the person to whom it is directed shall perform or refrain from the doing of some described act." Id.

Here, Pawaroo alleges abuse of appraisal, mortgaging, income verification, and foreclosure processes. (Compl. at 6–7.) Even assuming that each of these is a qualifying "process" for an abuse of process claim, Plaintiff has still failed to allege how Countrywide's use of these processes has unlawfully interfered with her property. Foreclosure proceedings have not yet been initiated and Pawaroo has not alleged any other specific act of interference that might support this cause of action. Cf. Pagliarulo v. Pagliarulo, 293 N.Y.S.2d 13, 15 (App. Div. 2d Dep't 1968) (dismissing abuse of process claim where foreclosure proceeding was discontinued by agreement of parties).

Moreover, in order to state an abuse of process claim under New York law, Plaintiff must allege that "the person activating the process [was] moved by a purpose to do harm without . . . excuse or justification." Farmingdale Classroom Teachers, 343 N.E.2d at 283. This motive requires an improper purpose that is "collateral" to the object of the normal process and that "offends the spirit of the legal procedure itself." Id. at 281, 283; see also Hauser v. Bartow, 7

N.E.2d 268, 269 (N.Y. 1937) ("'The gist of the action for abuse of process lies in the improper use of process after it is issued.'" (quoting Dean v. Kochendorfer, 143 N.E. 229, 231 (N.Y. 1924))); Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994). However, Pawaroo has alleged no facts that would indicate an abuse of the foreclosure procedure for ends other than what foreclosure was intended for – to collect on a mortgage default. See, e.g., Key Bank of N. N.Y., N.A. v. Lake Placid Co., 479 N.Y.S.2d 862, 867 (App. Div. 3d Dep't 1984) ("[P]laintiff held mortgages which became in default and this [foreclosure] action is the proper legal means to litigate such matter.").

Finally, Pawaroo also for fails to "allege . . . actual or special damages" as required under New York law. Farmingdale Classroom Teachers, 343 N.E.2d at 284; see also Jacques v. DiMarzio, Inc., 216 F. Supp. 2d 139, 142 (E.D.N.Y. 2002), aff'd, 386 F.3d 192 (2d Cir. 2004); Mitchell v. County of Nassau, No. 05-CV-4957, 2007 U.S. Dist. LEXIS 38711, at *40–41 (E.D.N.Y. May 24, 2007) ("[P]laintiff's abuse of process claim fails as a matter of law for, inter alia, plaintiff's failure to plead special damages."). "Special damages [are] defined as a specific and measurable loss, and must be alleged with sufficient particularity to identify actual loses [sic] and be related causally to the alleged tortious acts. Broad and conclusory terms . . . are insufficient to fulfill this element." Baez v. Jetblue Airways Corp., No. 09-CV-596 (CPS)(SMG), 2009 U.S. Dist. LEXIS 67020, at *25 n.10 (E.D.N.Y. Aug.3, 2009) (internal citations and quotation marks omitted); see also Morea v. Saywitz, No. 09-CV-4410 (JG)(LB), 2010 WL 475302, at *3 (E.D.N.Y. Feb. 8, 2010). Here, Pawaroo has failed to allege any injury with sufficient specificity. She requests large, round amounts of damages (Compl. at 12.), but nowhere specifies the basis for her calculations or provides the court with any grounds for discerning the particular injury. Therefore, Defendant's Motion is granted as to the fourth

claim of abuse of process.

5. Fifth Claim: Slander of Title

In this cause of action for slander of title, Plaintiff alleges "slandering" (Compl. at 8 (¶ 15)) and "slanderous actions" (Compl. at 8 (¶ 16)) by Countrywide. Pawaroo does not add any further detail except to note that unspecified injuries and damages have resulted.

The heart of an action for slander of title is the false disparagement of the title of another's property, resulting in "special damages." See, e.g., Rosenbaum v. City of N.Y., 861 N.E.2d 43, 48–49 (N.Y. 2006). Plaintiff must also allege that the defendant acted with "malice" in making such false statements with respect to the title. See, e.g., Kirkland v. Am. Title Ins. Co., 692 F. Supp. 153, 157 (E.D.N.Y. 1988) (applying New York law). This requires that the complaint allege facts with sufficient particularity so that the falsehood and intent to cause harm are clear. See, e.g., H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 672 F. Supp. 724, 746 (S.D.N.Y. 1987), judgment aff'd on other grounds, 879 F.2d 1005 (2d Cir. 1989) (applying New York law).

Here, Pawaroo has failed to make *any* allegation regarding Defendant's communications, lest pointed the court to anything false or directed with malice regarding Plaintiff's title. Moreover, as discussed above with respect to Plaintiff's abuse of process claim, Pawaroo has failed to specifically allege special damages of any kind. Accordingly, the claim of slander of title is dismissed.

6. Sixth Claim: Wrongful Foreclosure

Next, Plaintiff alleges wrongful foreclosure based on the fact that Defendant "threaten[ed] an illegal foreclosure proceeding" (Compl. at 8 (¶ 18)), "completed illegal eviction proceedings" (Compl. at 8 (¶ 19)), or "initiat[ed] . . . foreclosure proceedings" (Compl. at 9 (¶

11

20)). However, statements asserting the illegality of a party's actions are not to be deferred to when evaluating a complaint. Iqbal, 129 S. Ct. at 1949–50. Not only is it clear that foreclosure proceedings have not yet been initiated (Whitney Aff. ¶ 2), but Plaintiff has also failed to allege, with any factual specificity, what actions Defendant took toward foreclosure. Without some factual basis supporting an allegation of foreclosure, a cause of action for wrongful foreclosure cannot survive. See Lezynski v. Kasprzyk, 119 N.Y.S.2d 904, 905 (App. Div. 4th Dep't 1953) ("The alleged wrong was completed upon the entry of the judgment of foreclosure and sale on August 28, 1933 and the cause of action [for wrongful foreclosure], if any, accrued at that time."). Accordingly, Defendant's Motion to Dismiss is granted as to this sixth claim of wrongful foreclosure.

7. Seventh Claim: Unjust Enrichment

Plaintiff's penultimate claim, again lacking in specificity, is for unjust enrichment. An unjust enrichment claim is "based on . . . equitable principles that a person shall not be allowed to enrich himself unjustly at expense of another." Waldman v. Englishtown Sportswear, Ltd., 460 N.Y.S.2d 552, 556 (App. Div. 1st Dep't 1983). "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 516 N.E.2d 190 (N.Y. 1987) (internal citations omitted; emphasis in original). Therefore, insofar as this claim is based on the terms of the mortgage contract itself, Pawaroo cannot bring a claim in quasi-contract for unjust enrichment. See, e.g., Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of N.J., Inc., 448 F.3d 573, 587 (2d Cir. 2006)

("[U]nder New York law, those hospitals subject to [the agreements] clearly may not recover under a theory of unjust enrichment, inasmuch as the valid and enforceable written [agreements] governed the particular subject matter of this case.").

Moreover, if the Plaintiff is insinuating that the unjust enrichment stems from an improper foreclosure, this too cannot sustain a claim, for no foreclosure proceedings have been initiated. (Whitney Aff. ¶ 2.) See also Prospect Plaza Tenant Ass'n, Inc. v. N.Y. City Hous. Auth., 783 N.Y.S.2d 563, 563 (App. Div. 1st Dep't 2004) ("The third cause of action, for unjust enrichment, fails because of the absence of even a perfunctory showing as to what benefit was conferred upon defendant.").

Additionally, a claim for unjust enrichment must specify the manner and extent to which a defendant was unjustly enriched. See, e.g., Old Republic Nat. Title Ins. Co. v. Cardinal Abstract Corp., 790 N.Y.S.2d 143, 145 (App. Div. 2d Dep't 2005) ("[T]he plaintiff's allegation that the appellants received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment."). Here, Pawaroo alleges little more than the general notion that Countrywide unjustly received benefits. (Compl. at 10 (¶ 25).) Pawaroo does not discuss what those undeserved benefits are or how they were accrued. Without such information, the court cannot allow this claim to proceed. Defendant's Motion to Dismiss is granted as to the claim of unjust enrichment.

8.  Eighth Claim: Civil Conspiracy

Plaintiff's final claim for civil conspiracy must also be dismissed. The conspiracy alleged in this claim is alluded to throughout the Complaint: Pawaroo alleges that Countrywide unlawfully conspired to foreclose on her home "for the purpose of unjustly enriching themselves." (Compl. at 10 (¶ 28).) In this cause of action Pawaroo adds only that, "as a result

13

of the civil conspiracy, civil wrongs were committed against the plaintiff and other consumers." (Compl. at 11 (¶ 29).)

A claim of civil conspiracy is not a free standing cause of action but is predicated upon the independent tortious conduct of a defendant. Thus, for example, the heart of a civil conspiracy to defraud is the underlying cause of action for fraud. See Senrow Concessions, Inc. v. Shelton Properties, Inc., 178 N.E.2d 726, 729 (1961) (rejecting conspiracy cause of action without showing of underlying fraudulent action). Without an underlying substantive cause of action, a civil conspiracy charge based on the same facts and allegations cannot survive. Block v. Chassin, 319 N.Y.S.2d 86, 86 (App. Div. 1st Dep't 1971) ("With the underpinnings of the substantive alleged tortious conduct dismissed, the charge of conspiracy to effectuate them adds nothing and must also fall."). Accordingly, after dismissing Plaintiff's seven underlying substantive claims, this claim for civil conspiracy predicated upon the same allegations must also be dismissed.

## Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss is GRANTED as to all claims. Plaintiff's Complaint is dismissed with leave to replead should foreclosure proceedings commence. Because the court grants Defendant's Motion to Dismiss, Plaintiff's Motion for Summary Judgment based on the same factual allegations is DENIED.[2]

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/
Allyne R. Ross
United States District Judge

---

2 See, e.g., Fagan v. U.S. Dist. Ct., 644 F. Supp. 2d 441, 445 n.5 (S.D.N.Y. 2009); Jones v. Maples/Trump, No. 98 CIV. 7132 (S.D.N.Y. Feb. 26, 2002), aff'd sub nom. Jones v. Trump, 71 F. App'x 873 (2d Cir. 2003).

Dated:     March 18, 2010
           Brooklyn, New York

SERVICE LIST:

   Plaintiff (pro se):
   Chandrawatti Pawaroo
   135-15 117th Street
   South Ozone, NY 11420

   cc:
   Chandrawatti Pawaroo
   82-01 Rockaway Blvd., Suite 160
   Woodhaven, NY 11416

   Defendant:
   Chris Michael LaRocco
   Bryan Cave LLP
   1290 Avenue of the Americas
   New York, NY 10104


cc:    Magistrate Judge Gold

16